JESSE B. LEVIN - State Bar No. 268047
jlevin@glaserweil.com
CELIA SPALDING - State Bar No. 313121
cspalding@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: (310)553-3000
Fax: (310) 556-2920

BRIAN J. CAPITUMMINO (*Pro Hac Vice Pending*)
bcapitummino@woodsoviatt.com
JEREMY J. C. SAUNDERS (*Pro Hac Vice Pending*)
jsaunders@woodsoviatt.com
WOODS OVIATT GILMAN LLP
1900 Bausch & Lomb Place
Rochester, New York 14604
Phone: (585) 987-2800
Fax: (585) 454-3968

Attorneys for Plaintiff
SYDNEY HOLDINGS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SYDNEY HOLDINGS LIMITED, an exempted company incorporated in the Cayman Islands,<br><br>Plaintiff,<br><br>v.<br><br>LUGANO DIAMONDS & JEWELRY, INC., a California corporation, MORDECHAI FERDER, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO.:_____<br><br>**COMPLAINT FOR:**<br>**1. BREACH OF CONTRACT**<br>**2. FRAUD**<br>**3. NEGLIGENT SUPERVISION;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sydney Holdings Limited ("Sydney" or "Plaintiff"), by its undersigned attorneys, for its claim against Defendants Lugano Diamonds & Jewelry, Inc. ("Lugano") and Mordechai Ferder ("Ferder" and, together with Lugano, and DOES 1-10, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves parties who are citizens/entities of different states and/or foreign states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendants are residents in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred herein.

## THE PARTIES

3. Plaintiff Sydney Holdings Limited is an exempted company incorporated under the laws of the Cayman Islands, with its principal place of business at 64 Shedden Road, 4th Floor Anderson Square, PO Box 10324, Grand Cayman, KY1-1003, Cayman Islands.

4. Defendant Lugano Diamonds & Jewelry, Inc. is a corporation organized and existing under the laws of California, with its principal place of business at 545 Newport Center Drive, Newport Beach, CA 92660.

5. Defendant Mordechai Ferder is a U.S. citizen residing at 1501 Serenade Terrace, Corona Del Mar, CA 92625, and the former Chief Executive Officer of Lugano.

6. Plaintiff is ignorant of the identity and true names of DOES 1-10 and therefore sues them under such fictitious names. Upon discovery of the identity and true names of DOES 1-10, Plaintiff will amend this complaint to add them. Upon information and belief, all fictitiously named defendants are citizens/residents of different states and/or foreign states than Plaintiff.

7. On information and belief, at all material times, each Defendant was the

agent, servant, authorized representative, predecessor, successor, co-conspirator, employer and/or employee of each other, and in doing the things and acts alleged in this complaint, was acting within the course and scope of said relationship(s); and further, that each Defendant has authorized, approved, ratified and/or endorsed the acts of each remaining Defendant.  Further, each of the Defendants was a partner, or was engaged in a joint venture with one or more of the remaining Defendants, and was acting within the scope and purpose of said partnership or joint venture.  Each Defendant has ratified each and every act of each other Defendant pertinent to said partnership or joint venture.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Lugano is a high-end diamond and jewelry broker with locations throughout the United States and in London.

9. Until recently, Ferder served as the Chief Executive Officer ("CEO") of Lugano.

10. In or about late August or early September , Ferder approached and advised Sydney that Defendants had identified a diamond that was available for acquisition and resale at a profit.

11. In conjunction with those discussions, Ferder sought capital from Sydney and represented that Sydney's funds would be used to acquire that specific diamond. Ferder further represented that once acquired by Lugano with the use of Sydney's funds, the diamond would be owned 50% by Sydney and 50% by Lugano pending sale.

12. Ferder was the acting CEO of Lugano at the time he made those representations.

13. Ferder made those representations to Sydney for the purpose of inducing Sydney to enter into an agreement with Lugano to wire significant funds to Lugano.

14. Sydney reasonably relied on Ferder's representations.

15. Upon information and belief, Lugano had actual or constructive



knowledge that its CEO, Mordechai Ferder, had engaged in multiple investor transactions involving similar diamond investment agreements.

16. On or about September 11, 2024, Plaintiff and Lugano entered into an Asset Ownership Agreement (the "AOA1"), under which Plaintiff invested $2,680,000 for a 50% ownership interest in a 6.03 carat, FIG color, VS1 clarity diamond (GIA certification #5182660588). A true and correct copy of AOA1 is attached hereto as **Exhibit A**.

17. On or about the "Effective Date" of AOA1 (as defined therein), Plaintiff did, in fact, pay the defined Investment Amount of $2,680,000 to Lugano.

18. Section 3 of AOA1 provided that, upon the execution of said Agreement, the subject diamond would be owed 50% by Lugano and 50% by Plaintiff.

19. AOA1 further provided that Lugano would endeavor to sell the diamond bearing GIA certification #5182660588 within four (4) months of the Effective Date.

20. Pursuant to Section 6 of AOA1, "[u]pon the sale of the Diamond to [a] customer, Lugano shall pay to [Plaintiff] within five (5) business days of the sale the greater of: (a) fifty percent (50%) of the proceeds of the sale of [Diamond #1] to customer, or (b) the Investment Amount, plus interest at a rate of 25% per annum."

21. Section 5 of AOA1 further provides that, "[i]n the event Lugano fails to sell [Diamond #1] during such Four (4) month period, upon five (5) days, Lugano shall return the Investment Amount, plus interest at a rate of twenty five percent (25%) per annum to [Plaintiff]."

22. Concurrently with the parties' entry into AOA1, Ferder executed a Personal Guaranty Agreement (the "Guaranty #1"), unconditionally guaranteeing to Plaintiff "the full and punctual payment as and when due of any and all amounts due from [Lugano] to [Plaintiff] under AOA1." A true and correct copy of Guaranty #1 is attached hereto as **Exhibit B**.

23. At the time of his entry into Guaranty #1, Ferder was the CEO of Lugano.

24. Pursuant to Section 2.2 of Guaranty #1 (Nature of Guaranty), said personal guaranty "is an absolute, unconditional and continuing guaranty of the full and punctual payment as and when due … and not of its collectability only, and shall remain in force until the full satisfaction of [Lugano's] payment obligations under [AOA1]."

25. Section 7.8 of the Guaranty #1 provides that, in addition to all other indebtedness, the Personal Guarantor agrees to defend, protect, indemnify, and hold harmless Plaintiff and its officers, directors, members, employees, attorneys, accountants, consultants, agents, and controlling persons from and against any and all losses, claims, damages, liabilities, obligations, penalties, fees, costs, expenses, and settlement agreements—including, without limitation, reasonable attorneys' and paralegals' fees, costs, and expenses—incurred by Sydney as a result of or arising from or relating to Sydney's pursuit of the indebtedness, whether or not by or through attorneys, whether suit is brought or not, and whether incurred at trial or on appeal. See Ex. B, § 7.8.

26. In or about November 2024, Ferder advised Sydney that Defendants had identified another specific diamond that was available for acquisition and resale at a profit.

27. Ferder again sought capital from Sydney and represented that Sydney's funds would be used to acquire that specific diamond. As with AOA1, Ferder further represented that once acquired by Lugano with the use of Sydney's funds, the second specific diamond would be owned 50% by Sydney and 50% by Lugano pending sale.

28. Ferder was the acting CEO of Lugano at the time he made those representations.

29. Ferder made those representations to Sydney for the purpose of inducing Sydney to enter into an agreement with Lugano to wire significant funds to Lugano.

30. Sydney reasonably relied on Ferder's representations.

31. On or about November 14, 2024, Plaintiff and Lugano Diamonds entered

into a second Asset Ownership Agreement (the "AOA2"), under which Plaintiff invested $2,900,000 for a 50% ownership interest in an 8.03 carat, FVP color, VS1 clarity diamond (GIA certification #2191463494). A true and correct copy of AOA2 is attached hereto as **Exhibit C**.

32. On or about the "Effective Date" of AOA2 (as defined therein), Plaintiff did, in fact, pay the defined Investment Amount of $2,900,000 to Lugano.

33. Pursuant to AOA2, the subject Diamond is owed 50% by Lugano and 50% by Plaintiff, and Lugano would endeavor to sell the diamond bearing GIA certification #2191463494 within three (3) months following the Effective Date.

34. Pursuant to Section 6 of AOA2, to the extent Lugano sold said diamond, within five (5) business days Lugano would pay to Plaintiff the greater of fifty percent (50%) of the proceeds of the sale or the Investment Amount plus interest at the rate of 25% per annum. Pursuant to Section 5 of AOA2, in the event Lugano failed to sell the Diamond during such three (3) month period, upon five days' notice, Lugano would return to Plaintiff its Investment Amount plus interest at the rate of 25% per annum.

35. Concurrently with the execution of AOA2, Ferder executed another Personal Guaranty Agreement (the "Guaranty #2") unconditionally guaranteeing Lugano Diamonds' obligations under the Second Agreement. A true and correct copy of Guaranty #2 is attached hereto as **Exhibit D**.

36. At the time of his entry into Guaranty #2, Ferder was the CEO of Lugano.

37. Section 7.8 of Guaranty #2 provides the same indemnity clause as in Guaranty #1, providing that Ferder must indemnify Plaintiff and its representatives for all losses, claims, liabilities, and expenses—including reasonable attorneys' and paralegals' fees, costs, and expenses—arising from or relating to Sydney's pursuit of the indebtedness. See Ex. D, § 7.8.

38. Plaintiff fully performed all obligations under both AOA1 and AOA2

(collectively, the "Agreements") by promptly providing the agreed investment amounts to Lugano.

39. Ferder sent Sydney, both affirmatively and upon request, photographs of the diamonds that Lugano had allegedly purchased and/or photographs of the ownership paperwork associated with the diamonds allegedly purchased by Lugano. Upon information and belief, Ferder sent those photographs to deceive Sydney into believing that Lugano had, in fact, performed its obligations and purchased the diamonds in accordance with the parties' Agreements.

40. The four (4) month period for Lugano to sell the Diamond at issue under AOA1 and/or to pay Plaintiff expired on or about January 11, 2025.

41. The three (3) month period for Lugano to sell the Diamond at issue under AOA2 and/or to pay Plaintiff expired on or about February 14, 2025.

42. Lugano breached both Agreements by failing to failing to repay Plaintiff the agreed amounts owed thereunder within the times permitted, despite demand.

43. On May 15, 2025, Plaintiff sent demand letters to Lugano demanding repayment of the investment amounts and accrued interest, consistent with the terms of the Agreements (the "Demands"). A true and correct copy of the Demands is attached hereto as **Exhibit E**.

44. Plaintiff sent copies of the Demands to Ferder.

45. Despite due demand, Lugano has continued to fail to repay any amounts owed under the Agreements.

46. Ferder has breached both of Guaranty #1 and Guaranty #2 by failing to pay the amounts owed to Plaintiff under the Agreements.

47. Upon information and belief, Defendants did not purchase the diamond bearing the GIA certification #5182660588 pursuant to AOA1, and Defendants did not purchase the diamond bearing the GIA certification #2191463494 pursuant to AOA2.

48. Upon information and belief, Defendants did not intend to purchase the

1 Diamonds bearing GIA certification #5182660588 and #2191463494 at the time of
2 Ferder's representations to Plaintiff or at the time of the parties entry into AOA1 and
3 AOA2, respectively.

49. Instead, Defendants knowingly made their misrepresentations to Plaintiff for the purpose of inducing Sydney's contribution of capital.

50. Ferder knew his representations were false at the time they were made.

51. Upon information and belief, Lugano entered into similar arrangements with other investors for the same diamonds at issue under AOA1 and AOA2, and also purported to grant to those investors a 50% ownership interest in the same diamonds at issue in the Agreements.

52. Upon information and belief, Defendants used the funds contributed by Plaintiff pursuant to the Agreements to payoff other investors under similar lending arrangements, and/or for other business and/or personal purposes.

53. Lugano knew or should have known that Ferder was entering into farcical contracts with investors, including Sydney, to solicit outside funding, purchase diamonds, and grant ownership interests therein.

54. Despite this knowledge, Lugano took no reasonable steps to investigate or supervise Ferder's conduct, establish internal controls, or otherwise ensure that investor funds were handled transparently and lawfully.

55. Lugano's failure to exercise reasonable oversight allowed Ferder to continue soliciting substantial investments, including Plaintiff's, under materially misleading circumstances.

56. To the extent Lugano was unaware of Ferder's conduct, that ignorance was the result of its own lack of diligence and failure to implement basic supervisory protocols appropriate for a high-level executive.

## FIRST CAUSE OF ACTION

### Breach of AOA1

### *(Against Lugano)*

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. AOA1 is a valid and enforceable contract.

59. Plaintiff fully performed its obligations under AOA1 unless waived or excused.

60. More than four (4) months have passed since the Effective Date of AOA1.

61. Lugano has failed to either remit to Plaintiff its share of the sale proceeds from the sale of the Diamond at issue under AOA1 or to return to Plaintiff the Investment Amount that Sydney paid to Lugano plus interest.

62. Lugano has materially breached AOA1 by failing to timely pay the sums owed thereunder to Plaintiff.

63. Lugano's breach of AOA1 has caused Plaintiff to suffer damages in the amount of at least $2,680,000, excluding interest.

## SECOND CAUSE OF ACTION

### Breach of the Guaranty #1

### *(Against Ferder)*

64. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

65. Guaranty #1 is a valid and enforceable contract.

66. Ferder unconditionally guaranteed Lugano's obligations under AOA1.

67. Lugano has failed to timely repay Plaintiff, in breach of AOA1.

68. Ferder breached Guaranty #1 by failing to fulfill Lugano's obligations following its breach of AOA1.

69. As a direct result, Plaintiff has suffered damages in excess of $2,680,000.

## THIRD CAUSE OF ACTION

### Breach of AOA2

*(Against Lugano)*

70. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

71. AOA2 is a valid and enforceable contract.

72. Plaintiff full performed its obligations under AOA2 unless waived or excused.

73. More than three (3) months have passed since the Effective Date of AOA2.

74. Lugano has failed to either remit to Plaintiff its share of the sale proceeds from the sale of the Diamond at issue under AOA2 or to return to Plaintiff the Investment Amount that Sydney paid to Lugano plus interest.

75. Lugano has materially breached AOA2 by failing to timely pay the sums owed thereunder to Plaintiff.

76. Lugano's breach of AOA2 has caused Plaintiff to suffer damages in the amount of at least $2,900,000, excluding interest.

## FOURTH CAUSE OF ACTION

### Breach of Guaranty #2

*(Against Ferder)*

77. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

78. Guaranty #2 is a valid and enforceable contract.

79. Ferder unconditionally guaranteed Lugano's obligations under AOA2.

80. Lugano has failed to timely repay Plaintiff, in breach of AOA2.

81. Ferder breached Guaranty #2 by failing to fulfill Lugano's obligations following its breach of AOA2.

82. As a direct result, Plaintiff has suffered damages in excess of $2,900,000.

## FIFTH CAUSE OF ACTION

### Fraud

### *(Against Lugano and DOES 1-10)*

83. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

84. Pursuant to AOA1 and AOA2, Defendants represented to Plaintiff that Lugano had identified specific diamonds available for acquisition and resale at a profit.

85. Defendants further represented that with the benefit of Plaintiff's investment, Lugano would use those proceeds to purchase the specific diamond and, once acquired, grant Plaintiff a 50% ownership interest therein.

86. These representations were made to induce Plaintiff to enter into AOA1 and AOA2 and wire significant funds to Lugano. Plaintiff justifiably relied on these representations, believing that the funds wired would be used to purchase the specific diamond identified in each of the Agreements and that Plaintiff would have a 50% interest in the diamond until its sale.

87. However, upon information and belief, Defendants did not, in fact, purchase the diamonds identified in either AOA1 or AOA2 and never intended to do so. Instead, Defendants made these representations to induce Plaintiff's investment and used the proceeds for other purposes and/or personal benefit.

88. Upon information and belief, Defendants entered into similar arrangements with dozens of other investors, purportedly granting each a 50% interest in the same diamond.

89. Lugano, in conjunction with DOES 1-10, made false representations to Plaintiff that it would purchase a specific diamond with Plaintiff's investment and that Plaintiff would have a 50% ownership interest therein.

90. Lugano, in conjunction with DOES 1-10, knew these representations were false, and made them with the intent to induce Plaintiff's reliance and

investment.

91. Plaintiff justifiably relied on Defendants' misrepresentations and suffered damages, including lost investment amounts and potential lost profits.

92. Upon information and belief, Defendants engaged in despicable conduct with an intent to injure Sydney, and to subject it to cruel and unjust hardship in conscious disregard of its rights, and that said actions were done fraudulently, maliciously and/or oppressively.

93. Plaintiff is entitled to compensatory and punitive damages due to Defendants' fraudulent conduct.

## SIXTH CAUSE OF ACTION

### Fraud

### *(Against Ferder)*

94. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

95. Ferder, acting individually and as CEO of Lugano, made false representations to Plaintiff that Lugano had identified the specific diamonds identified in AOA1 and AOA2 for acquisition and resale at a profit, and that, with Plaintiff's investment, Lugano would acquire the diamonds and provide Plaintiff with a 50% ownership interest.

96. Ferder knew these representations were false, and made them with the intent to induce Plaintiff's reliance and investment.

97. Plaintiff justifiably relied on Ferder's misrepresentations and suffered damages, including lost investment amounts and potential lost profits.

98. Upon information and belief, Ferder engaged in despicable conduct with an intent to injure Sydney, and to subject it to cruel and unjust hardship in conscious disregard of its rights, and that said actions were done fraudulently, maliciously and/or oppressively.

99. Plaintiff is entitled to compensatory and punitive damages due to

3074899

Ferder's fraudulent conduct.

## SEVENTH CAUSE OF ACTION

### Negligent Supervision

### *(Against Lugano)*

100. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

101. At all relevant times, Mordechai Ferder was the Chief Executive Officer of Lugano and acted as an officer and agent of the company.

102. To the extent Ferder was not acting within the scope of his authority or committed misconduct unknown to Lugano, Plaintiff pleads this claim in the alternative to its claims of fraud.

103. Lugano owed a duty to exercise reasonable care in the supervision and oversight of its officers, including Ferder, especially where investor solicitation and high-value financial transactions were involved.

104. The funds Plaintiff wired pursuant to the Agreements were deposited into Lugano's corporate bank account.

105. Lugano knew or should have known that Ferder had previously solicited investments from multiple parties under overlapping diamond ownership arrangements, creating a foreseeable risk of misconduct and harm to investors.

106. Lugano failed to supervise Ferder or implement reasonable safeguards to prevent the misuse of investor funds or misrepresentations about asset ownership.

107. As a result of Lugano's negligent failure to supervise Ferder, Plaintiff suffered substantial financial damages, including the loss of its investment and expected returns.

108. Plaintiff is entitled to compensatory damages resulting from Lugano's negligent conduct.

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, AND NEGLIGENT SUPERVISION

3074899

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendants, jointly and severally, awarding Plaintiff:

1. Compensatory damages in an amount no less than $5,580,000, plus interest;

2. Pre- and post-judgment interest as permitted by law;

3. Reasonable attorneys' fees and litigation costs pursuant to Section 7.8 of the Guarantees and to the maximum extent permitted by law;

4. Punitive damages against Defendants for their fraudulent conduct, in an amount to be determined at trial; and

5. Such other and further relief as the Court deems just and proper.

DATED: August 22, 2025

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: /s/ Jesse Levin
JESSE B. LEVIN
CELIA SPALDING

DATED: August 22, 2025

WOODS OVIATT GILMAN LLP

By: /s/ BRIAN J. CAPITUMMINO
BRIAN J. CAPITUMMINO

Attorneys for Plaintiff
SYDNEY HOLDINGS LIMITED

**DEMAND FOR JURY TRIAL**

Plaintiff SYDNEY HOLDINGS LIMITED hereby demands trial by jury on all issues so triable.

DATED: August 22, 2025

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: /s/ Jesse Levin
JESSE B. LEVIN
CELIA SPALDING

DATED: August 22, 2025

WOODS OVIATT GILMAN LLP

By: /s/ BRIAN J. CAPITUMMINO
BRIAN J. CAPITUMMINO

Attorneys for Plaintiff
SYDNEY HOLDINGS LIMITED